IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:94-00164
                                              5:97-00069
                                              5:00-00095

GREGORY ALLEN STOVER

## MEMORANDUM OPINION AND ORDER

In Bluefield, on June 4, 2015, came the defendant, Gregory Allen Stover, in person and by counsel, Christian M. Capece, Federal Public Defender; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came Senior United States Probation Officer Greg Swisher, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on April 10, 2015.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant conceded the conduct described in violation #1, that the defendant shall not commit another federal, state, or local crime, but pled not guilty to violation #2, that the defendant shall pay a fine in the amount of $3,600 at the rate of $50 per month.  Thereafter, the court

found the charges contained in violation 1 were established by a preponderance of the evidence. The court further found that the defendant's liability to pay his criminal fine expired on May 15, 2015 and, as a result, found defendant not guilty of the charges contained in violation #2.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was eight to fourteen months and a supervised release term of thirty-six months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years and a supervised release term of thirty-six months. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and

he is to be incarcerated for a term of eight (8) months.  At defendant's request, the court recommended that the defendant be incarcerated at FCI Manchester.

Upon completion of his term of incarceration, the defendant shall serve a term of supervised release for a period of twenty-four (24) months.  Furthermore, during his term of supervised release, the defendant shall participate in a program of mental health treatment and a program of substance abuse treatment, as directed by the probation officer and approved by the court, until such time as the defendant is released from the program by the probation officer as approved by the court.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements.  The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  The court additionally found that the eight-month term of incarceration will provide defendant with necessary medical care.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release.

3

The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

    The defendant was remanded to the custody of the United States Marshals Service.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

    **IT IS SO ORDERED** this 12th day of June, 2015.

    ENTER:

*David A. Faber* (signature)
David A. Faber
Senior United States District Judge