IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:94-00164
 5:97-00069
 5:00-00095

GREGORY ALLEN STOVER

## MEMORANDUM OPINION AND ORDER

In Bluefield, on September 5, 2017, came the defendant, Gregory Allen Stover, in person and by counsel, Christian M. Capece, Federal Public Defender; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on July 26, 2017, and the addendum, filed on August 24, 2017. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant stipulated that the government could prove, by a preponderance of the evidence, the conduct described in Violation Number 1. Defendant admitted the conduct alleged in Violation Number 2 as contained in the addendum. Thereafter, the

court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was twenty-one to twenty-seven months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court. The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of twenty-four (24) months on each count of conviction, sentences to run concurrently. At defendant's request, the court recommended that the defendant be incarcerated at a facility where he could receive appropriate medical screening and treatment for his various physical and

mental impairments and that, if deemed an appropriate candidate, defendant be placed at either FMC Lexington or FMC Butner.  The court further ORDERED that defendant's medical records (Defendant's Exhibit 1) be filed under seal in this matter and that a copy thereof be transmitted to the Bureau of Prisons with this Memorandum Opinion and Order.  Upon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

In denying defendant's request for a below-the guidelines variance sentence and in considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements.  The court considered all of the findings in the case, and concluded that the sentence imposed satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  The court additionally found that the twenty-four month term of incarceration will also provide defendant with necessary medical care.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such

3

an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 6th day of September, 2017.

ENTER:

David A. Faber
Senior United States District Judge